# Commonwealth *v.* Demain et al.

## [JANUARY, 1846.]

The production of an abortion or miscarriage is an offence at common law.

A defect or error in the setting forth of a defendant's name in an indictment is only pleadable in abatement, in which the defendant must give a better name; and is not cause for demurrer.

It is not necessary, *it seems,* in an indictment for the production of an abortion, to aver *quickness* on the part of the mother; it is sufficient to set forth that she was "big and pregnant."

A misjoinder of counts is not cause for demurrer; the proper course being for the defence, in such case, to ask the court before trial to put the prosecution to an election.

In a prosecution for conspiracy, it is in the discretion of the commonwealth to include as many of the alleged co-conspirators in the indictment as it may deem expedient; and the non-joinder of any such, provided there are enough alleged on the record to constitute the offence *aliunde,* is not matter for demurrer.

CERTIORARI to the Oyer and Terminer of Philadelphia.

An indictment was found against the defendants at the May sessions, 1845, in the court of oyer and terminer, &c., for the city and county of Philadelphia, containing seven counts, which were substantially as follows:

The first count charged that the defendants, " together with —— Ford, yeoman," &c., did make an assault on one S. S., " then and there being big, pregnant and quick with child," and a certain instrument made of silver, &c., in the shape and form of a hook, up and into the womb and body of the said S. S., &c., did thrust," &c., " with intent to cause and procure the said S. S. to miscarry, abort and bring forth the said child, of which she was big, quick and pregnant, as aforesaid, dead," &c.; and then proceeded to aver, that in consequence of such assault, &c., the said S. S. miscarried, &c. The second count was the same, with the omission of the allegation of quickness. The

2 D

[ Commonwealth *v.* Demain. ]

third was the same as the second, so far as the assault, with the omission of the allegation of a subsequent miscarriage. The fourth was for a mere assault. The fifth was for a conspiracy to commit the offence as described in the third count. The sixth was for a conspiracy to commit the offence as described in the third count, with an allegation of an assault made in execution of the conspiracy, and a subsequent miscarriage. The seventh was the same as the sixth, with the omission of the final averment of miscarriage.

On July 8th, 1845, the defendants filed a special demurrer, in which, after the defendant, Demain, protesting that her name was Ford, and that she was a married woman, and not single, as the indictment alleged, the following reasons were specified:

1. Because to the third defendant, Ford, no Christian name was given. 2. Because, in the second count, there was no averment of quickness. 3. Because two counts were without proper conclusions; a reason which was abandoned on argument. 4. Because counts for conspiracy, assault, &c., constituting distinct misdemeanors, were improperly joined. 5. Because Susannah Shoch, by whose sole means the indictment alleged the conspiracy to have been executed, was not included as a defendant.

After a joinder in demurrer on the part of the attorney general, an application for a *certiorari* was made to the supreme court by the counsel for the defendants, backed by an opinion that the questions arising on the demurrer " were of such a nature as to render it proper to have them submitted to the judgment of the supreme court;" and on July 9th, the writ was specially allowed by Mr. Justice Kennedy. The case was argued before the court in banc in December term, 1845.

*Mr. Barton* and *Mr. O. F. Johnson*, with whom were *Mr. Hazlehurst* and *Mr. Rawle*, for the demurrer.

[Commonwealth v. Demain.]

1. The omission of a Christian name to defendant Ford, is fatal. 2. The second, third, fifth, sixth and seventh counts are defective, in containing no allegation of quickness in the mother, such quickness being necessary to the constitution of the offence. *Com.* v. *Bangs*, 9 Mass. 387; 1 Russ. on Cr. 671; 1 Hale, 434. 3. Counts for distinct misdemeanors are improperly joined. *Updegraff* v. *Com.* 6 S. & R. 10. 4. The omission of Susannah Shoch as a defendant, she being a necessary co-conspirator, is fatal.

*Mr. F. Wharton* and *Mr. Kane*, attorney general, *contra.*

1. Misnomer can only be met by plea in abatement, disclosing the defendant's real name. *Com.* v. *Dedham*, 16 Mass. 146; *Turns* v. *Com.* 6 Met. 225; *Com.* v. *Cherry*, 2 Virg. Cases, 20; *State* v. *Bishop*, 16 Maine, 122. 2. The destruction of a child in *gremio matris*, was a murder at common law. 1 Vesey, 86; 3 Coke's Inst. 50; 1 Hawk. c. 31, § 16; 1 Russ. on Crimes, 671; 1 East. P. C. 227; and the distinction taken in Massachusetts as to quickness, has been recognised nowhere else. Ibid.; Bracton, lib. 3, § 21; Guy's Med. Juris. tit. 'Abortion;' 1 Beck, 172, 192. At every period of gestation, the rights of an infant *en ventre sa mere* are equally respected. 2 Vernon, 710; *Doe* v. *Clarke*, 2 H. Bl. 399; 2 Vesey Jr. 673; *Thelusson* v. *Woodford*, 4 Vesey Jr. 340; *Swift* v. *Duffield*, 5 S. & R. 38. 3. Nothing is more common than to join counts for a misdemeanor with counts for a conspiracy to commit a misdemeanor. 3 M. & S. 550; *Com.* v. *Gillespie*, 7 S. & R. 476; 1 Ch. C. L. 255. 4. Even if the woman who was the subject of the offence were a *particeps criminis*, it is optional for the prosecution to withdraw her from the indictment, and to proceed against the remaining parties. *R.* v. *Lord Grey*, 3 State Trials, 519; *Mifflin* v. *Com.* 5 W. & S. 461; see *People* v. *Mather*, 4 Wend. 231.

[ Commonwealth *v.* Demain. ]

The opinion of the court was delivered by

SERGEANT, J.—We see nothing in any of the points taken by the defendants in demurrer. 1. This exception is only pleadable in abatement, in which the defendant must give a better name. It is not cause of demurrer. 2. The indictment is in proper form, and sufficiently avers that she (the party injured) was pregnant and quick with child, which was destroyed and killed, &c. 3. This exception is not true in fact. The indictment contains but seven counts, with the usual conclusions. 4. This exception is not cause of demurrer. If the counts are improperly joined, the court may be asked to interfere before trial, and put the commonwealth to its election. 5. The name Ford alone, there being no plea in abatement, is not a nullity; and as to inserting Susannah Shoch as a party, that rests with the prosecution. Two or more may be indicted for conspiracy with others not parties.*

---

* It is a flagrant crime at common law to attempt to procure the miscarriage or abortion of a woman. And it is sufficient, in the indictment, to charge an intent to procure the miscarriage and abortion of the mother, and the premature birth and destruction of the child, of which she was then pregnant. It is not necessary, in such an indictment, to aver *quickness* on the part of the mother; it is sufficient to set forth that she was big and pregnant. *Mills* v. *The Commonwealth*, 1 Harris, 631. When a female is with child, and a potion is administered to her for the purpose of destroying the child, which produces the death of the mother, it is murder in the second degree; unless there existed in the perpetrator an intent to take away the life of the mother, as well as to destroy the offspring; in which case it would be murder in the first degree. *Com. ex rel. Chauncey et al.* v. *The Keeper of the Prison*, 2 Ash. 227.